GARRISON, Judge.
This is an appeal from a judgment of the First City Court of the City of New Orleans rendered on November 2,1983, granting judgment in favor of Pelican Electrical Contractors, Inc. (hereinafter “Pelican”) and against the defendant Louis C. Williams, Sr., ordering him to pay $932.00 plus legal interest from the date of judicial demand, 25% attorney’s fees and costs. The judgment further dismisses the defendant’s reconventiona! demand. From the judgment which we affirm, defendant appeals.
The trial judge provided the following written reason for judgment:
“The court finds the defendant’s testimony without credibility in many aspects and with more particularly (sic) as follows:
1. If the plaintiff’s (sic) bid on plans and specifications, which was never *20 proven, it goes without saying that in all remodeling and renovation jobs there will be change orders and unforeseen problems that have to be taken care of in the course of the work. Plaintiffs punch list addresses this problem.
2. The original contract presented by the plaintiffs and not refuted by the defendant specifically excluded the cost of fixtures and the heater vent light. It is incredible to believe that the plaintiff found and stole from the premises under renovation a legal tablet containing the defendant’s signature midway down the page on a blank sheet of paper, and then hand wrote in the contract for the balance due on the fixtures and punch list items.
3. That after hearing the defendant’s testimony that they would continue to live in a house that is visually unsafe and with electrical appliances not functioning for almost four years without calling an electrician or electrical contractor to advise them or correct the faulty wiring which by defendant’s own admission could have been repaired for two or three hundred dollars.”
Pelican brought this suit as a collection action, seeking to recover $932.00 from Mr. Williams for electrical materials and labor furnished to defendant’s property at 3808 Paris Avenue, New Orleans, Louisiana.
Mr. Williams and Pelican had entered into a contract on April 7, 1978 which provided that Pelican would perform electrical work in accordance with a blueprint provided by Mr. Williams for a set total price of $2,716.00. Light fixtures and a heat vent light were specifically excluded from the contract. The contract of April 7th was paid and is only tangentially in dispute.
Pelican argued that as the work progressed, additional electrical work was required and/or requested. Pelican further alleged that they prepared a list of extra work provided dated February 6, 1978. Pelican alleged that the extra work totaled $1,252.00 and that the amount was compromised and reduced to $932.00.
Mr. Williams argued that he never authorized or requested that any additional work be done. He testified that he had purchased some fixtures which he did not intend for Pelican to install but which were installed by them. He further testified that Pelican employees substituted fixtures and failed to credit him for the fixtures taken. He stated that Pelican failed to properly complete the work in a workmanlike manner and produced photographs showing switchplates pulled from the wall and other defects. Lastly, he testified that he never signed the extra work list dated February 6, 1978. Mr. Williams’ home was burglarized while Pelican was working at his home. Mr. Williams testified that several legal documents were stolen and implied that someone forged his signature on the February 6th list.
The instant case is strictly a “credibility call” case. Appellee argues that under Canter v. Koehring Co., 283 So.2d 716 (La., 1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978), the trial judge was best able to observe the demeanor of the witnesses and evaluate their credibility.
After a full and independent reading of the transcript, and examination of the pleadings and exhibits, it is apparent that no manifest error has occurred.
For the reasons discussed, the judgment of the First City Court is affirmed.
AFFIRMED.